UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MALIBU MEDIA, LLC,

                Plaintiff,            18 CV 8696 (PKC)

     -against-

EDUARD CHECO,                    **ANSWER WITH COUNTERCLAIMS**

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Defendant Eduard Checo, by his attorney Michael Lumer, as and for his

Answer to the Amended Complaint, hereby alleges as follows, upon information and belief:

<div align="center">

**PARTIES, VENUE and JURISDICTION**

</div>

        1.     Admits plaintiff has brought this matter under the Copyright Act, but

denies any infringement.

        2.     Denies defendant is a persistent online infringer. Defendant lacks

sufficient knowledge or information to admit or deny remainder of the allegations in

Paragraph 2.

        3.     Defendant lacks sufficient knowledge or information to admit or deny

the allegations in Paragraph 3.

        4.     Admits the allegations in Paragraph 4 to the extent that the Court has

jurisdiction over this action.

        5.     Admits that the defendant lives in the Southern District of New York.

Defendant lacks sufficient knowledge or information to admit or deny remainder of the

allegations in Paragraph 5.

6.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6.

7.      Admits that the defendant lives in the Southern District of New York. Defendant lacks sufficient knowledge or information to admit or deny remainder of the allegations in Paragraph 7.

8.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8.

9.      Admits the allegations in Paragraph 9 to the extent that defendant has resided at the address stated therein.

## RESPONSE TO FACTUAL ALLEGATIONS

10.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10.

11.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11.

12.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12.

13.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13.

14.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14.

15.     Defendant lacks sufficient knowledge or information to admit or deny

the allegations in Paragraph 15.

16.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16.

17.     Denies that defendant is the account holder of the ISP and further denies engaging in any such communication. Defendant lacks sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 17.

18.     Denies the allegations in Paragraph 18.

19.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19.

20.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20.

21.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 21.

22.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22.

23.     Denies the allegations in Paragraph 23.

24.     Denies that defendant is the account holder of the ISP and further denies engaging in any such communication. Defendant lacks sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 24.

25.     Denies the allegations in Paragraph 25.

26.     Defendant lacks sufficient knowledge or information to admit or deny

the allegations in Paragraph 26.

27.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 27.

## RESPONSE TO FIRST CAUSE OF ACTION

28.     Plaintiff repeats the preceding responses as though stated fully herein.

29.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 29.

30.     Denies the allegations in Paragraph 30.

31.     Denies the allegations in Paragraph 31.

32.     Denies the allegations in Paragraph 32.

33.     Denies the allegations in Paragraph 33.

## FIRST AFFIRMATIVE DEFENSE

34.     Upon information and belief, plaintiff generates millions of dollars in revenue by recording sexual acts and selling those recordings via the Internet.

35.     Upon information and belief, plaintiff regularly provides many of those recordings for free through third-party websites and thus these video recordings are often freely available.

36.     Defendant has been accused of downloading 9 different films, all of which, upon information and belief, could have been downloaded through the website x-art.com for less than $30.

37.     The amount is minimal and plaintiff should take nothing based upon

4

the doctrine of *de minimis non curat lex*.

## SECOND AFFIRMATIVE DEFENSE

38.     The facts alleged by Plaintiff are insufficient to state a cause of action against Defendant.

## THIRD AFFIRMATIVE DEFENSE

39.     Defendant has not engaged in or contributed to any infringement of the copyrights alleged.

## FOURTH AFFIRMATIVE DEFENSE

40.     Upon information and belief, plaintiff brought these claims as a means of revenue generation, not to protect its rights, and has done so with the knowledge it lacks adequate technical evidence to prove its case.

41.     Plaintiff's claims are barred by the doctrine of misuse of copyright.

## FIFTH AFFIRMATIVE DEFENSE

42.     Any infringement by defendant was innocent and not willful, as defendant was not aware and had no reason to believe that any of his acts as alleged constituted an infringement of copyright.

## SIXTH AFFIRMATIVE DEFENSE

43.     Plaintiff's claim is barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

44.     Legal scholars have gathered data demonstrating that pornography related BitTorrent litigation constitutes a significant portion of the United States District

Courts' copyright caseload. Sag, M., Copyright Trolling, An Empirical Study, 100 Iowa L. Rev. 1105 (2015).

45.     Plaintiff has filed thousands of lawsuits against purported infringers that used BitTorrent to infringe on its copyrights in its pornographic films catalogue.

46.     According to one article nearly five years ago, plaintiff was filing about three lawsuits per day. Gabe Friedman, *The Biggest Filer of Copyright Lawsuits? This Erotica Web Site*, THE NEW YORKER, May 14, 2014.

47.     In the past, plaintiff filed so-called mass-Doe suits, wherein it filed against a wide array of purported infringers in a given district.

48.     More recently, plaintiff has elected to sue smaller amounts of individuals per action.

49.     Upon information and belief, many John Does and other defendants may have settled claims based on the very films allegedly whose infringement has been complained of here.

50.     Thus, it is not unlikely that Plaintiff has reached the statutory maximum for many of the copyrights that plaintiff claims have been infringed.

51.     The one-satisfaction rule operates to prevent double recover, or the overcompensation of a plaintiff for a single injury. Plaintiff is barred from seeking statutory damages, costs and/or attorneys' fees under 17 U.S.C. § 504 to the extent that plaintiff has already recovered for alleged infringements in prior actions or settlements.

**DEFENDANT'S COUNTERCLAIM
AGAINST MALIBU MEDIA, LLC, GENERALLY**

1. Defendant resides within the Southern District of New York.

2. Plaintiff/Counter-defendant Malibu Media, LLC, is a limited liability company that maintains its principal place of business in California.

3. The Court has subject matter jurisdiction over the counterclaims herein pursuant to 28 USC §§ 1331, 1338, 1367, 2201, and 2202, and because the counterclaims arise out of the common factual and legal issues in dispute as provided by Rules 13 and 20 of the Federal Rules of Civil Procedure.

4. Plaintiff has availed itself of this Court's jurisdiction by commencing the instant action and thus this Court has personal jurisdiction over the plaintiff.

5. Venue lies in this district as provided by 28 USC § 1391.

6. Plaintiff is aware that the ISP plaintiff alleges was used to commit the infringing conduct complained of herein is not defendant's account.

7. Plaintiff has not undertaken any efforts to confirm or refute the same.

8. Defendant has been publicly named as an infringer of copyrights, a claim he denies and suffers from.

9. Defendant has also been named as a purveyor of online pornography, and one who unlawfully obtains and shares this pornography.

10. Defendant seeks definitive and unequivocal vindication in the face of these public accusations.

## FIRST COUNTERCLAIM

### Declaratory Judgment

11.     Defendant repeats and restates the preceding responses and allegations as though stated fully herein.

12.     There is an actual and justiciable controversy between the parties regarding defendant's purported infringement of plaintiff's pornographic works.

13.     Internet service providers assign IP addresses to end users' home routers that ordinarily access the internet.

14.     IP addresses do not identify any particular computer to the internet through the router, nor do they identify the person using the computer.

15.     The only information that can be provided by an IP address is the identity of the person who holds the account for the IP address with the ISP.

16.     Plaintiff is aware that defendant is not the account holder for the IP address defendants have claimed in this action was used to commit the infringing conduct.

17.     Plaintiff is also aware that that IP addresses do not identify infringers.

18.     Plaintiff was previously put on notice by defendant that he denies engaging in any infringing conduct.

19.     Notwithstanding the above, plaintiff expressly named defendant as an infringer of its copyright in pornographic works.

20.     Notwithstanding the above, plaintiff has refused defendant's prior requests that plaintiff dismiss this action.

8

21.     Defendant now stands publicly accused of deliberately and knowingly infringing on plaintiff's library of pornographic films.

22.     The only equitable and just remedy would be a judicial declaration that plaintiff did not engage in any infringing conduct alleged by plaintiff.

23.     Accordingly, plaintiff respectfully requests that the Court issue a declaratory judgment finding that:

a.      defendant did not download or upload any of files identified by the plaintiff in the instant action; and

b.      defendant did not otherwise engage in any infringing conduct as alleged by plaintiff in the instant action; and,

c.      Plaintiff has misused its copyrights.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**[Remainder of Page Intentionally Blank]**

WHEREFORE, defendant demands judgment against plaintiff as follows:

i.      Dismissing plaintiff's cause of action with prejudice and ordering that plaintiff take nothing from defendant;

ii.     Declaring that defendant is not liable for infringing plaintiff's copyrights;

iii.    Declaring that plaintiff has misused its copyrights and ordering that they be invalidated;

iv.     Awarding defendant his costs and legal fees pursuant to statutory and common law, and principles of equity; and,

v.      And any other relief this Court deems fair and just.

Dated:   New York, New York
         April 8, 2019

                                LUMER LAW GROUP
                                Attorneys for defendant Eduard Checo

                                _____
                                Michael Lumer, Esq.
                                305 Broadway, Suite 1400
                                New York, New York 10007
                                (212) 566-5060